**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL WEBB,

                                  Plaintiff,                      9:23-cv-1577
                                                                                      (ECC/TWD)

v.

ERIC M. FESSETTE, et al.,

                                  Defendants.

---

**Appearances:**

Michael Webb, *Plaintiff, pro se*
Olivia R. Cox, Asst. Att'y Gen., *for Named State Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Michael Webb commenced this civil rights action asserting claims under 42 U.S.C. § 1983 arising out of his incarceration at Clinton Correctional Facility (C.F.). Dkt. No. 1. On March 26, 2024, the named Defendants filed a pre-answer motion for summary judgment seeking dismissal of Plaintiff's claims based on his failure to exhaust available administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Dkt. No. 17. This matter was assigned to United States Magistrate Judge Thérèse Wiley Dancks who issued a Report-Recommendation and Order on January 22, 2025, recommending that Defendants' unopposed motion for summary judgment be granted and that the John Doe Defendants be

dismissed sua sponte.  Dkt. No. 30.  Plaintiff filed an objection to the Report-Recommendation on April 18, 2025.  Dkt. No. 37.

## II. STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion."  *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted).  Properly raised objections must be "specific and clearly aimed at particular findings" in the report.  *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).  "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."  *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted).  Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error.  *Id.*

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies Under the PLRA

Magistrate Judge Dancks recommended granting summary judgment to the Defendants on exhaustion grounds.  Dkt. No. 30 at 5-8.  Specifically, Magistrate Judge Dancks found that because Plaintiff never sent an appeal of grievance CL-0508-21 to the IGP Office at Clinton C.F. to be sent to CORC, he failed to exhaust his administrative remedies.  *Id.* at 7-8.  Plaintiff objects to Magistrate Judge Danck's conclusion that he failed to exhaust his administrative remedies.

Plaintiff contends that Woodbourne C.F. officers were "deliberately attempting to intercept, or delay" Plaintiff's grievance appeal. Dkt. No. 37.

In light of Plaintiff's objection, the Court reviews this issue de novo and, after careful consideration, declines to adopt Magistrate Judge Dancks' recommendation granting summary judgment on the basis of exhaustion.[1] Magistrate Judge Dancks properly set forth the legal standard for exhaustion of administrative remedies in her report-recommendation. Dkt. No. 30 at 5-6. In addition to those standards, the Court further notes that although the PLRA mandates exhaustion of administrative remedies, it also "contains its own, textual exception to mandatory exhaustion." *Ross v. Blake*, 578 U.S. 632, 642 (2016). Specifically, the exhaustion requirement contained in § 1997e(a) "hinges on the 'availability' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Id*. (citing 42 U.S.C. § 1997e(a)) (alterations in original). In *Ross*, the Supreme Court identified three circumstances in which a court may find administrative remedies are not "available" for PLRA purposes, holding:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates . . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use . . . . And finally, . . . when prison administrators thwart

---

[1] Plaintiff failed to respond to Defendants' motion for summary judgment. Plaintiff's failure to oppose Defendants' motion results in the admission of properly supported facts, however the Court must still ensure those facts show Defendant is entitled to judgment as a matter of law. *See Jackson v. Federal Express*, 766 F.3d 189, 194 (2d Cir. 2014) (a non-response to a summary judgment motion does not risk default because the district court must ensure that each statement of material fact is supported by the record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed) (citing *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 242-46 (2d Cir. 2004) (even when a motion for summary judgment is not opposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law)).

3

>     inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

*Id*. at 643-44.  In these situations, exhaustion is not required.  Further, the Second Circuit has observed "the three circumstances discussed in Ross do not appear to be exhaustive . . . ." *Williams v. Correction Officer Priatno*, 829 F.3d 118, 124 n.2 (2d Cir. 2016).

Because the failure to exhaust administrative remedies is an affirmative defense, the defendant bears the burden of showing that an incarcerated individual has failed to satisfy the exhaustion requirements.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007).  Then the plaintiff must establish the administrative review process was unavailable to him under *Ross*.  *See id*.  "While the burden of production may shift to a plaintiff when a court considers whether the grievance process was unavailable, the ultimate burden of proof with respect to the exhaustion defense remains, at all times, with the defendant." *Hudson v. Kirkey*, No. 9:20-cv-0581 (LEK/DJS), 2021 WL 1966721, at *3 (N.D.N.Y. May 17, 2021) (citing *Coleman v. Nolan*, No. 9:15-cv-0040, 2018 WL 4732778, at *4 (N.D.N.Y. Oct. 2, 2018)) (alteration in original).  "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) (citations omitted).

Here, the record is, at best, incomplete as to the availability of Plaintiff's administrative remedies following the alleged May 5, 2021 incident.  There is no dispute that Plaintiff filed an initial grievance concerning the underlying incident at Clinton C.F. in May 2021.  Dkt. Nos. 17-10 at 2; 17-8 at 4-5.  Plaintiff was subsequently transferred to Woodbourne C.F. on June 27, 2021.  Dkt. Nos. 17-8 at 5; 17-9 at 3.  On August 18, 2021, the Clinton C.F. Superintendent issued a decision denying Plaintiff's grievance, which was forwarded to Plaintiff at Woodbourne C.F.  Dkt. Nos. 17-10 at 7; 17-8 at 5.  On September 8, 2021, Plaintiff sent a letter to the Clinton IGP

4

Supervisor, with the subject heading "Correspondence Department blatantly refuses to mail out grievance appeal address [sic] to Clinton I.G.R.C. Supervisor." Dkt. No. 17-10 at 26. In the letter, Plaintiff advised:

> . . . I have been placing my grievance appeal . . . in the mailbox here at the Woodbourne Correctional Facility only to have it returned to me days later. Today is the fourth time the I.G.R.C. or inmate correspondence program has returned this grievance appeal to me, therefore, I'm respectfully requesting an exception to the time limit . . . to preserve my rights to due process.

*Id*. The Clinton IGP Supervisor responded to Plaintiff in a September 14, 2021 letter, explaining that if Plaintiff wished to appeal, he "must mail the signed appeal form back to the IGP [S]upervisor at the facility where the grievance was filed. Therefore, you need to send your grievance appeal directly to the IGP office at Clinton C.F." Dkt. No. 17-12. A Woodbourne C.F. legal mail log indicates Plaintiff signed for receipt of a letter from the Clinton C.F. IGP Supervisor on September 27, 2021. Dkt. Nos. 17-7 at 1; 17-5 at 2-3. CORC records indicate that no appeal of the Clinton C.F. Superintendent's denial of Plaintiff's grievance was ever received. Dkt. Nos. 17-3 at 4-5; 17-4 at 1-4.

The Court agrees with Magistrate Judge Dancks' determination that Plaintiff failed to exhaust his administrative remedies. The documents submitted by Defendants in support of their motion, including Clinton IGP records and CORC records, reveal that no appeal was received by CORC. *See* 7 N.Y.C.R.R. § 701.5(d); *see also, e.g., Shabazz v. Bailey*, No. 9:20-cv-0057 (LEK/TWD), 2023 WL 5779533, at *5 (N.D.N.Y. June 28, 2023) ("Plaintiff's failure to appeal [his] grievance . . . to CORC means Plaintiff failed to properly exhaust his administrative remedies

5

before filing this action."), *report and recommendation adopted*, 2023 WL 5622049 (N.D.N.Y. Aug. 31, 2023).

However, Plaintiff's failure to appeal his grievance to CORC does not end the exhaustion inquiry. As explained above, an inmate's failure to properly exhaust administrative remedies does not preclude an action under § 1983 where prison officials thwart his efforts to utilize the grievance process, thus rendering it unavailable to him. *See generally, Ross*, 578 U.S. at 643-44. Here, the Court finds that a question of fact exists as to whether DOCCS' grievance process was fully available to the Plaintiff. Plaintiff maintains that prison officials at Woodbourne C.F. deliberately interfered with his ability to appeal to CORC by interfering with his mail. To be sure, courts in this circuit have consistently found inmates' general claims that grievances were lost or destroyed insufficient to excuse the PLRA's exhaustion requirement. *See, e.g., Rosado v. Fessetto*, No. 9:09-cv-0067 (DNH/ATB), 2010 WL 3808813, at *7 (N.D.N.Y. Aug. 4, 2010) (collecting cases), *report and recommendation adopted*, No. 9:09-CV-67, 2010 WL 3809991 (N.D.N.Y. Sept. 21, 2010); *Rodriguez v. Cross*, No. 9:15-cv-1079 (GTS/CFH), 2017 WL 2791063, at *7 (N.D.N.Y. May 9, 2017), *report and recommendation adopted*, 2017 WL 2790530 (N.D.N.Y. June 27, 2017). However, in this case Plaintiff's September 8, 2021 letter corroborates his present contention, noting that on four separate occasions he placed his grievance appeal addressed to the "Clinton I.G.R.C. Supervisor" in the Woodbourne C.F. mailbox, only for the appeal to be returned to him, unmailed, days later.

In support of their motion, Defendants have submitted the affidavit of Megan Nolan, an Office Assistant at Woodbourne C.F. who is "familiar with the mailroom procedure in regard to receiving, logging, and dispatching mail to incarcerated individuals at Woodbourne C.F." Dkt. No. 17-5 at 1. However, Ms. Nolan's affidavit does not in any way address Plaintiff's contention

6

regarding the handling of Plaintiff's appeals by Woodbourne C.F.  It is also unclear how the Clinton IGP Supervisor's response directing Plaintiff to mail his appeal to the IGP Supervisor at the facility where the grievance was filed (which the record suggests Plaintiff was already doing) provided Plaintiff with any remedy to the situation.  The response did not expressly grant Plaintiff an extension of time to appeal, nor does it squarely address the issue Plaintiff raised concerning Woodbourne C.F.'s alleged interference with his mail.  On these facts, the Court concludes that this case is distinguishable from those allegations which have been found inadequate to excuse non-compliance with IGP requirements, particularly at this early stage in the litigation.

"Because Plaintiff has not yet had an opportunity to conduct discovery to support his exhaustion theory, the Court finds Defendants' request for summary judgment premature." *Johnson v. Owens*, No. 9:20-cv-0982 (LEK/CFH), 2022 WL 958127, at *4 (N.D.N.Y. Mar. 30, 2022) (collecting cases); *see Murray v. Noeth*, No. 6:19-cv-6342, 2022 WL 4467691, at *5 (W.D.N.Y. Sept. 26, 2022) ("[A]t this stage of the proceedings and with no discovery having been conducted, it would not be appropriate to resolve [the exhaustion] issue just based on the papers."); *see also Croney v. Russell*, No. 9:23-cv-1188 (DNH/PJE), 2025 WL 1089520, at *3 (N.D.N.Y. Feb. 25, 2025) ("Summary judgment is a 'drastic device' and 'should not be granted when there are major factual contentions in dispute[,] . . . particularly . . . when, as here, one party has yet to exercise its opportunities for pretrial discovery.'") (alterations in original) (quoting *Nat'l Life Ins. Co. v. Solomon*, 529 F.2d 59, 61 (2d Cir. 1975)), *report-recommendation adopted*, 2025 WL 854718 (N.D.N.Y. Mar. 19, 2025).

In the alternative to summary judgment, Defendants request an evidentiary hearing on the issue of exhaustion pursuant to *Messa v. Goord*, 652 F.3d. 305 (2d Cir. 2011). Dkt. No. 17-13 at 10. However, "doing so here without the benefit of discovery would not be the most efficient

7

manner in which to resolve the factual disputes presented here." *Croney v. Medbury*, No. 9:23-cv-1449 (DNH/DJS), 2024 WL 5294279, at *4 (N.D.N.Y. Nov. 12, 2024), *report-recommendation adopted*, 2024 WL 4986160 (N.D.N.Y. Dec. 5, 2024).[2]  Accordingly, Defendants' motion for summary judgment is denied with leave to renew upon the completion of discovery.

### B. Dismissal of John Doe Defendants

Magistrate Judge Dancks recommended sua sponte dismissal of the John Doe Defendants due to (1) Plaintiff's failure to comply with Judge D'Agostino's order to "take reasonable steps to ascertain the identities of the 'Doe' defendants" under Fed. R. Civ. P. 16(f); (2) Plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b) and N.D.N.Y.L.R. 41.2(a); and (3) Plaintiff's failure to serve the Complaint on the Doe defendants within 90 days, as required by Fed. R. Civ. P. 4(m). Dkt. No. 30 at 8-9.  Magistrate Judge Dancks further noted that dismissal of the Doe Defendants was proper in light of her finding that Plaintiff failed to exhaust his administrative remedies. *Id.* at 9 n. 3.  Plaintiff objects to the dismissal of the John Doe Defendants, identifying his pre-litigation efforts to obtain the identity of these Defendants via FOIL requests, as well as his March 14, 2024 letter to the Court seeking assistance identifying the Doe Defendants.  Dkt. No. 37 at 1-2.

In light of Plaintiff's objections, the Court reviews this issue de novo and, upon careful consideration, declines to adopt Magistrate Judge Dancks' recommendation to sua sponte dismiss the Doe Defendants at this juncture.  Plaintiff commenced this action on December 15, 2023 by the filing of a Complaint.  Dkt. No. 1.  Upon initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)

---

[2] The Supreme Court recently held that "parties are entitled to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim protected by the Seventh Amendment." *Perttu v. Richards*, 605 U.S. 460, 479 (2025).  At this juncture, it does not appear the exhaustion question is intertwined with Plaintiff's Eighth Amendment excessive force and failure to intervene claims at issue and, therefore, an evidentiary hearing before the Court may be appropriate after discovery.

and 28 U.S.C. § 1915A(b), the Court issued a Decision and Order on January 23, 2024 ordering that Plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against the Doe Defendants, among others, survived review and require a response. Dkt. No. 7. In its decision, the Court ordered that Plaintiff take reasonable steps to ascertain the identities of the "Doe" Defendants and when identified, seek to amend the Complaint to add these individuals as defendants in this action pursuant to Federal Rule of Civil Procedure 15(a). *Id.* at 11. The Court further warned Plaintiff of the consequences of his failure to timely pursue amendment. As previously noted, Plaintiff subsequently wrote to the Court on approximately March 14, 2024, seeking assistance identifying the Doe Defendants and explaining his efforts to date. Dkt. Nos. 15, 16. Defendants' pre-answer motion for summary judgment was filed on March 26, 2024. Dkt. No. 17. The following day, the Court issued a Text Order denying Plaintiff's request for assistance identifying the Doe Defendants as premature. Dkt. No. 20. The Court explained that

> [i]n the event this action survives the pending motion, counsel will be directed to answer the complaint, after which time a Mandatory Pretrial Discovery and Scheduling Order shall issue, which will require counsel to provide documentation to assist with identifying the "Doe" defendants to the extent such information is available.

*Id.*

As previously set forth, the Court declines to dismiss Plaintiff's Complaint at this juncture for failure to exhaust his administrative remedies. Plaintiff is otherwise entitled to the benefit of at least some discovery to identify the unknown Defendants before dismissal would be appropriate. *See Brown v. Doe*, No. 96-cv-1222, 1999 WL 893070, at *2 (S.D.N.Y. Oct. 18, 1999) (deferring defendants' motion to dismiss until they have provided the requisite discovery information and materials to the pro se prisoner litigant on the grounds that "[p]laintiffs, especially pro se

incarcerated plaintiffs should be given an opportunity to identify . . . unknown defendants through discovery").

IV.   **CONCLUSION**

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation, Dkt. No. 30, is **REJECTED**, and it is further

**ORDERED** that Defendants' motion for summary judgment, Dkt. No. 17, is **DENIED with leave to renew**, and it is further

**ORDERED** that the case be referred to Magistrate Judge Dancks to reset Defendants' answer deadline and for general pretrial management; and it is further

**ORDERED** that, at such time as discovery on the exhaustion issue has been completed, Defendants may file a renewed motion for summary judgment and/or request permission to hold an exhaustion hearing; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 23, 2025

Elizabeth C. Coombe
U.S. District Judge